Madden, Judge,
delivered the opinion of the court:
Plaintiff was on March 31, 1932, awarded the contract for the construction of an addition to the Library of Congress. The price was $1,230,000. Plaintiff agreed to complete the work within 400 days from receipt of notice to proceed, and to pay $100 per day as liquidated damages for delay beyond the agreed period unless the cause of the delay *25 was one listed in tbe contract as being excusable. The work was completed February 14, 1934, 272 days after the agreed date.
The defendant’s contracting officer was told by plaintiff after the completion of the work that plaintiff was-making no claims against the defendant based on any supposed breaches of the contract on the defendant’s part. In view of that fact, and of other considerations recited in finding 5, the contracting officer decided that it would be equitable to grant plaintiff extensions of time aggregating 272 days, thus wiping out any liability on plaintiff’s part for liquidated damages. .
Article 16 (d) of the contract is as follows:
Upon completion and acceptance of all work required hereunder, the amount due the contractor under this contract will be paid upon the presentation of a properly executed and duly certified voucher therefor, after the contractor shall have furnished the Government with a release, if required, of all claims against the Government arising under and by virtue of this contract, other than such claims, if any, as may be specifically excepted by the contractor from the operation of the release in stated amounts to be set forth therein.
On February 23, 1934, nine days after completion of the work, plaintiff submitted a requisition for $59,282.25, the balance of the contract price then remaining unpaid. On March 23, the contracting officer advised plaintiff by letter that a voucher for the amount of plaintiff’s requisition had been approved by him; that pursuant to the above quoted Article 16 (d) of the contract he was enclosing two copies of a release which plaintiff had agreed to give; that upon receipt of the release executed by plaintiff he would forward the voucher to the General Accounting Office for consideration and final settlement. The letter contained this statement:
It is of course understood that, although this office has certified the final payment voucher in the full amount requested by your company, the matter of actual assessment or waiving of liquidated damages which may have accrued for periods of delay in the completion of your contract is one that is beyond the *26 jurisdiction of this office, such authority being, instead, vested by law in the Comptroller General of the United States.
Plaintiff on April 16 returned the two copies of the release to the contracting officer. The release was complete and contained no exceptions. The contracting officer then forwarded the voucher approved by him, and the release to the General Accounting Office for settlement. The Comptroller General issued a certificate of settlement for the amount of the voucher, less $900.00 which, he ruled, should be deducted for liquidated damages for nine days’ delay resulting from a controversy concerning the prevailing rate of wages. Pursuant to the certificate, a Treasury check was forwarded to plaintiff. A firm of lawyers representing plaintiff and its surety on the contract bond wrote the Comptroller General that the check purported to be in final settlement of the contract; that plaintiff desired to cash the check if by doing so it would not prejudice plaintiff’s “possible claims against the United States for damages incurred by the Contractor during prosecution of the work.” The relevant part of the Comptroller General’s reply is quoted in finding 6. Plaintiff thereupon cashed the check.
On May 11, 1935, plaintiff filed its suit in this court for $100,253.36, $900.00 of which is the amount of liquidated damages assessed against it by the Comptroller General, the rest being alleged damages resulting from delays in carrying out its contract which, plaintiff says, the defendant wrongfully caused. The defendant concedes plaintiff’s right to the $900.00. As to the rest, it sets up plaintiff’s release as a defense, and also contends that it did not wrongfully cause plaintiff any delay.
We think the defendant’s contention as to the release is well-founded. Plaintiff agreed, in its contract, that when the work was completed and payment of the balance due under the contract was called for, it would, if required to do so, give the Government a release of all claims except those specifically excepted in the release. The fairness and prudence of the provision is well illustrated by this case. As to some of the many periods of delay, the contracting officer *27 bad a considerable area of discretion as to whether or not he would grant extensions of time and thereby forego the assessment of liquidated damages. He was induced, in part by plaintiif’s oral statement that it was making no claims of breach of contract by the Government, to exercise that discretion favorably to plaintiff. Plaintiff then executed the release which it had agreed to give. It could have made exceptions from the release, but it did not. Thereupon the contracting officer finally committed himself to the recommendation that no liquidated damages for delay be assessed against plaintiff. Plaintiff received payment accordingly, except for $900.00 as to which we comment hereinafter. Plaintiff then at its leisure, and with the money received pursuant to the release in its hands, repudiated the release, sued the Government for a large sum, and is using the contracting officer’s recommendation as an admission that plaintiff was without fault in relation to the delays.
We think the contract bound plaintiff to give a release which would be effective except as specific matters were reserved for further claim or litigation. We therefore hold that the release given had that effect. The deduction of $900.00 by the Comptroller General did not destroy the effect of the release. The contracting officer stated to plaintiff in his letter hereinbefore quoted, transmitting the releases for plaintiff’s signature, that jurisdiction to assess or waive liquidated damages was not in his hands. Plaintiff had no reason to suppose that its release of all claims other than the requisition for the unpaid balance, was conditioned upon its getting the full amount of its requisition. When the $900.00 was deducted, plaintiff made no complaint as to that. It only requested that the cashing of the check should not prevent it from pressing claims for damages. The Comptroller General did not purport to, and we suppose he would have no power to, destroy the effect of the release as a defense to a suit against the Government on a validly released claim.
In view of our conclusion as to the effect of plaintiff’s release, we do not find it necessary to consider or determine whether plaintiff has proved, with sufficient definiteness to justify a recovery, damages to it resulting from delays *28 wrongfully caused by the defendant, nor the extent of such delays.
Judgment will be entered for plaintiff in the sum of $900.00. It is so ordered.
JoNes, Judge; WhitakeR, Judge; LittletoN, Judge; and Whaley, Chief Justice, concur.